FILED
CLERK, U.S. DISTRICT COURT
MAR 19 2021
CENTRAL DISTRICT OF CALIFORNIA
BY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>MANUEL CASTILLO,<br>Defendant. | Case No. 2:21-CR-00125-JFW<br>**ORDER OF DETENTION** |

On March 19, 2021, Defendant Manuel Castillo made his initial appearance on the Indictment filed in this matter. Deputy Federal Public Defender Neha A. Christerna was appointed to represent Defendant. A detention hearing was held on that date.

☒ On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒ On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving an offense with maximum sentence of life imprisonment or death.

1  ☒ On motion by the Government [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

The Court finds that no condition or combination of conditions will reasonably assure:

> ☒ the appearance of the defendant as required.
>
> ☒ the safety of any person or the community.

Defendant offered two available sureties willing to secure his appearance with a $25,000 unjustified appearance bond; however, the government proffered that both sureties had some involvement in the criminal conduct alleged in the Indictment. Based on the proffer, the Court finds that Defendant has not rebutted the § 3142(e)(2) presumption as to his risk of flight by offering the two sureties. The Court also finds that the § 3142(e)(2) presumption as to dangerousness was not rebutted.

The Court has considered the following:

(a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(b) the weight of evidence against the defendant;

(c) the history and characteristics of the defendant; and

(d) the nature and seriousness of the danger to any person or the community.

*See* 18 U.S.C. § 3142(g) The Court also considered all the evidence adduced at the hearing, the arguments of counsel, and the report and recommendation of the U.S. Pretrial Services Agency.

The Court bases its conclusions on the following:

As to risk of non-appearance:

☒ Defendant has a valid passport and employment ties to Mexico;

☒ In 2020 and 2021, Defendant traveled to Mexico for business at least four or five times, and the last trip was one month ago;

☒ When Defendant was arrested, law enforcement found three firearms, one of which was stolen, in his residence. Defendant told the Pretrial Services Agency that he does not possess any firearms or dangerous weapons. Defendant's apparent willingness to provide inaccurate information to the Pretrial Services Agency is evidence that he may provide inaccurate information to that Agency regarding other matters, including his location and willingness to appear in court as required.

☒ Unrebutted presumption.

As to danger to the community:

☒ The government proffered that in addition to the three firearms, law enforcement also found ten kilograms of cocaine at Defendant's residence, where his three children (ages 4, 3 and 1) live.

☒ The allegations in the Indictment include distribution of cocaine and methamphetamine and laundering the proceeds of controlled substances distribution.

☒ Unrebutted presumption.

It is therefore ORDERED that Defendant Manuel Castillo be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent

practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. *See* 18 U.S.C. § 3142(i).

Dated: March 19, 2021

PATRICIA DONAHUE
―――――――――――――――――
PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE